# CONTINENTAL INSURANCE COMPANY *v.* RHOADS.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
EASTERN DISTRICT OF PENNSYLVANIA.

Argued November 9, 10, 1886.—Decided November 29, 1886.

A declaration in an action at law in a Circuit Court of the United States by an administrator against an Insurance Company, which alleges that the intestate was a citizen of the State in which the action is brought, and that letters of administration were granted plaintiff in that State, and that the company is a citizen of another State, without any allegation respecting the citizenship of, the administrator, fails to show a citizenship in the plaintiff to give the Circuit Court jurisdiction, and cannot be amended in that respect in this court: but the court below may, on the case being remanded, in its discretion, allow this to be done.

This was an action at law against the plaintiff in error, defendant below, brought by the defendant in error as administratrix of Maris Rhoads, deceased, to recover on a policy of life insurance. The allegations in the declaration, material to the point decided by the court, were the following:

"Ann Eliza Rhoads, administratrix, &c., of Maris Rhoads, late a citizen of the State of Pennsylvania, deceased, complains of the Continental Life Insurance Company of Hartford, Connecticut, a foreign corporation, incorporated under the laws of the State of Connecticut, and a citizen thereof, who has been summoned in this writ to answer the plaintiff in a plea of trespass on the case, &c., for that whereas heretofore, to wit, on the twenty-ninth day of August, A.D. 1877, and in the lifetime of the said Maris Rhoads, who is now deceased, and in the district aforesaid, the aforesaid corporation, defendant,

made and delivered to the said Maris 'Rhoads a certain policy of insurance, which the plaintiff now brings into court, and which is in the words and figures following, to wit : . . .

. · "And the plaintiff further saith that the said Maris Rhoads afterwards, to wit, on the second day of December, A.D. 1880, died, and that in his lifetime and down to the time of his death he, the said Maris Rhoads, performed and fulfilled and did not violate any of the conditions and agreements of the said policy, of insurance, according to the true intent and meaning thereof, all of which the said company, defendant, had notice.

. · " And the plaintiff further says that afterwards, to wit, on the thirtieth day of December, A.D. 1880, letters of administration were duly granted upon the estate of the said Maris' Rhoads, deceased, to the said Ann Eliza Rhoads by the register of wills of Delaware county, in the State of Pennsylvania, which said letters of administration the plaintiff now brings here into court." . . .

These were all the allegations respecting the citizenship of the parties. A trial was had, and verdict for plaintiff, and judgment on the verdict; and a bill of exceptions was allowed. Defendant sued out this writ of error, and among others, made the following assignments of error:

. 4. Because it does not affirmatively appear from the record that the court below had jurisdiction of the case.

. 5. Because it does not appear sufficiently from the record that the court below had jurisdiction of the case

6. Because it appears from the record that the court below had no jurisdiction of the case.

The defendant in error offered to file in this court, as a basis for a motion to amend, the following affidavit entitled as of the cause in the court below :

STATE OF PENNSYLVANIA, ⎰ ss:
　　COUNTY OF DELAWARE, ⎱

Ann Eliza Rhoads, the above named plaintiff, being duly affirmed, says that she is the widow and administratrix of Maris Rhoads, who died on the second day of December, A.D. 1880. That at the time of his death she resided with him in

Springfield township, Delaware county, Pennsylvania, where she still resides; and that she was at the time of the commencement of the above suit or action, and still is, a citizen of the State of Pennsylvania.

Affirmed and subscribed February 8th, A.D. 1886, before me.

[SEAL]        A. P. OTTEY,
                  Notary Public.

ANN ELIZA RHOADS.

*Mr. S. C. Perkins* for plaintiff in error.

*Mr. Robert T. Cornwell* for defendant in error. *Mr. F. C. Hooton* was with him on the brief.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

One of the errors assigned on this record is that the Circuit Court had no jurisdiction. It was settled at a very early day that the facts on which the jurisdiction of the Circuit Courts rest must, in some form, appear on the face of the record of all suits prosecuted before them. *Turner* v. *Bank of North America,* 4 Dall. 8; *Bushnell* v. *Kennedy,* 9 Wall. 387; *Hornthall* v. *Collector,* 9 Wall. 560; *Ex parte Smith,* 94 U. S. 455; *Robertson,* v. *Cease,* 97 U. S. 646; *Grace* v. *American Central Ins. Co.,* 109 U. S. 278, 283; *Börs* v. *Preston,* 111 U. S. 252, 255; *Mansfield, Coldwater and Lake Michigan Railway* v. *Swan,* 111 U. S. 379, 382; *Hancock* v. *Holbrook,* 112 U. S. 229. And it is error for a court to proceed without its jurisdiction is shown. *Grace* v. *American Central Insurance Co.; supra; Thayer* v. *Life Association,* 112 U. S. 717; *Mansfield, &c., Railway* v. *Swan, supra.*

It is conceded that the jurisdiction in this case depends alone on the citizenship of the parties, and that there is not in the declaration any averment in express terms of the citizenship of the plaintiff. It does appear that the defendant was, at the commencement of the suit, a citizen of Connecti-

cut, and that the intestate, Maris Rhoads, was at the time of his death a citizen of Pennsylvania, but there is nothing to show the citizenship of the plaintiff, and the jurisdiction depends on her citizenship, and not on that of her intestate. *Amory* v. *Amory*, 95 U. S. 186. It is true that the record does show that letters of administration were granted to her in Pennsylvania, but that does not make her a citizen of that State. It may be that by the law of Pennsylvania the personal representative of a deceased citizen of Pennsylvania is, in contemplation of law, resident within the State, and at all times amenable to the jurisdiction of the proper courts of that State, but that does not necessarily imply citizenship of the State. He must be there for the purposes of his administration, but that is all. And, besides, the jurisdiction must appear positively. It is not enough that it may be inferred argumentatively. *Brown* v. *Keene*, 8 Pet. 112; *Robertson* v. *Cease, supra*. If the plaintiff was actually a citizen of Pennsylvania when the suit was begun, the record cannot be amended here so as to show that fact, but the court below may, in its discretion, allow it to be done when the case gets back. *Morgan* v. *Gay*, 19 Wall. 81; *Robertson* v. *Cease, supra*.

It is not necessary to consider any of the other assignments of error.

*The judgment of the Circuit Court is reversed and the cause remanded for further proceedings.*