ST. LOUIS, I. M. & S. RY. CO. v. NEWCOM et al.

(Circuit Court of Appeals, Eighth Circuit. June 28, 1893.)

No. 254.

1. FEDERAL COURTS — JURISDICTION — DIVERSE CITIZENSHIP— CORPORATIONS— PLEADING.

In a suit by a citizen of Texas, an averment that defendant is a corporation operating a railway in Arkansas, and having an agent in the latter state, is not sufficient to give a federal court jurisdiction.

2. SAME—ARGUMENTATIVE PLEADING.

Where there is an averment that defendant operates a railway and has an agent in a certain state, it cannot be inferred from the state laws

prohibiting or regulating foreign corporations that the corporation is organized under the laws of that state, so as to give a federal court jurisdiction on the ground of diverse citizenship. The fact of incorporation cannot be argumentatively averred.

3. SAME—REVERSAL FOR WANT OF JURISDICTION.
In a suit wherein federal jurisdiction depends wholly on diversity of citizenship, and the record shows that such diversity has been insufficiently alleged, the judgment should be reversed in the appellate court for want of jurisdiction,. although exception to the jurisdiction was not taken in the trial court.

4. SAME—AMENDMENT IN APPELLATE COURT.
In such a case no amendment should be permitted in the appellate court.

In Error to the Circuit Court of the United States for the Eastern District of Arkansas.

At Law. Action by W. J. Newcom and J. F. Hudson, partners as Newcom & Hudson, against the Texas Pacific Railway Company and the St. Louis, Iron Mountain & Southern Railway Company. Defendants demurred, and plaintiffs amended their complaint, omitting the Texas Pacific Railway Company therefrom. Verdict and judgment were given for plaintiffs. The St. Louis, Iron Mountain & Southern Railway Company brings error. Reversed.

Statement by BREWER, Circuit Justice:

This action was commenced in the circuit court of the United States for the eastern district of Arkansas, Texarkana division, by the filing of a complaint on July 29, 1891. The defendants in error were the plaintiffs below, and in their complaint alleged that they were citizens of Texas. They made the Texas Pacific Railway Company and the St. Louis, Iron Mountain & Southern Railway Company defendants, and the only averment as to the citizenship of these defendants was as follows:

"The Texas Pacific Ry. Co., a corporation operating a railway as common carriers in the state of Texas, and having a local office in Miller county, Arkansas, and the St. Louis, Iron Mountain & Southern Railway Company, a corporation operating a railway as common carriers in Arkansas."

The Texas Pacific Railway Company demurred, one ground of demurrer being that there was "no allegation of the residence, habitation, or citizenship" of either the plaintiffs or defendants. The Iron Mountain Company demurred, because, among other things, the complaint failed to "set up facts sufficient to give the court jurisdiction." Thereupon the plaintiffs filed an amended complaint dismissing the action as to the Texas Pacific Railway Company, and containing only this averment as to the citizenship of the remaining defendant:

"The St. Louis, Iron Mountain & Southern Railway Co., a corporation operating a railway as common carriers through the state of Arkansas, and from Texarkana, in said state, to St. Louis, Mo., which said line traverses the county of Miller, in said state of Arkansas, and has an office and agent in said county of Miller, and state aforesaid."

To this complaint defendant answered. A trial was had, which resulted in a verdict and judgment for the plaintiffs, and the defendant thereupon sued out a writ of error from this court.

Geo. E. Dodge and B. S. Johnson, for plaintiff in error.

W. T. Hudgins and J. D. Cook, for defendants in error.

Before BREWER, Circuit Justice, SANBORN, Circuit Judge, and THAYER, District Judge.

BREWER, Circuit Justice, (after stating the facts.) The question of jurisdiction stands at the threshold of every case. As said by the

supreme court of the United States in Railway Co. v. **Swan, 111** U. S. 379, 382, 4 Sup. Ct. Rep. 510:

"The rule, springing from the nature and limits of the judicial power of the United States, is inflexible, and without exception, which requires this court, of its own motion, to deny its own jurisdiction, and, in the exercise of its appellate power, that of all other courts of the United States, in all cases where such jurisdiction does not affirmatively appear in the record on which, in the exercise of that power, it is called to act. On every writ of error or appeal the first and fundamental question is that of jurisdiction, first of this court, and then of the court from which the record comes. This question the court is bound to ask and answer for itself, even when not otherwise suggested, and without respect to the relation of the parties to it."

The jurisdiction of the circuit court in this case rests solely on the ground of diverse citizenship. No federal question is presented. It is settled by many authorities that the fact of diverse citizenship must affirmatively and clearly appear, and cannot be inferred argumentatively. Brown v. Keene, 8 Pet. 112; Insurance Co. v. Rhoads, 119 U. S. 237, 7 Sup. Ct. Rep. 193; Menard v. Goggan, 121 U. S. 253, 7 Sup. Ct. Rep. 873; Kellam v. Keith, 144 U. S. 568, 12 Sup. Ct. Rep. 922; Roberts v. Lewis, 144 U. S. 653, 656, 12 Sup. Ct. Rep. 781; Wolfe v. Insurance Co., 148 U. S. 389, 13 Sup. Ct. Rep. 602; and cases cited in these various opinions. The citizenship of a corporation is that of the state which created it. Shaw v. Mining Co., 145 U. S. 444, 12 Sup. Ct. Rep. 935. There is in the complaint no other averment of the citizenship of the defendant than that quoted in the foregoing statement. That is not an express allegation of its citizenship. It does not affirm in what state the defendant was incorporated; non constat but that it was a corporation created under and by the laws of the state of Texas, and operating a railroad in Arkansas. The statutes of Arkansas regulating foreign corporations operating railroads in that state, whatever of penalty they may impose for disobedience, do not of themselves work a local incorporation; and besides, the fact of incorporation and citizenship cannot be argumentatively inferred. Neither is there anything in the record elsewhere which throws any light on the question of the citizenship of the defendant. Whatever may be the fact in respect thereto, no amendment can be permitted in this court. Insurance Co. v. Rhoads, 119 U. S. 237, 240, 7 Sup. Ct. Rep. 193.

The judgment must be reversed, and the cause remanded for further proceedings.