## UNITED STATES *v.* PARK & TILFORD (No. 1039).[1]

HEARING BY ONE BOARD, DETERMINATION BY ANOTHER.

The powers and duties of the board of appraisers and the law affecting these are stated and discussed.  The record in this case shows there was a hearing by Board 1, to whom the case had been lawfully committed for hearing and determination and the jurisdiction of which is not challenged.  The decision here complained of, however, was rendered by another board, having no appellate jurisdiction over Board 1 and the assumed jurisdiction of which is directly challenged.  The judgment of the second board is void and the case is still pending before Board 1 for determination and decision.

### United States Court of Customs Appeals, May 29, 1913.

APPEAL from Board of United States General Appraisers, Abstract 29824 (T. D. 32830).

[Reversed and remanded.]

*William L. Wemple,* Assistant Attorney General (*Charles E. McNabb,* assistant attorney, of counsel; *William A. Robertson,* special attorney, on the brief), for the United States.

Submitted on record by appellees.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

BARBER, Judge, delivered the opinion of the court:

The merchandise involved in this case is commonly called night lights.  The appraiser reported it to be "short, thick candles composed of cotton wick, illuminant material, not wax, and metal," returned the same for duty as tapers at 35 per cent ad valorem under paragraph 436 of the tariff act of 1909, and it was so assessed by the collector.

The record certified here, after reciting the application on behalf of the United States for an appeal to, and the order of, this court, directing the sending up of the record, evidence, exhibits, and samples, together with a certified statement of the facts involved in the case and the decision thereon, truly states that the return to this court comprises: (1) The protest with the report of the collector of customs indorsed thereon; (2) the report of the United States appraiser

---

[1] Reported in T. D. 33514 (24 Treas. Dec., 946).

relative thereto; (3) a copy of the board's decision, Abstract 29824 (T. D. 32830); and states that the records of the board show that the protest was duly assigned to Board 1 and set for hearing before that board May 7, 1912, on which occasion it was called and submitted on the appraiser's report.

Nothing else is embodied in the record.

The decision in the case was rendered by Board 3.

The protest, among other things, alleged that the merchandise was dutiable at 25 per cent ad valorem under paragraph 462 of the act of 1909, or in the alternative at 10 or 20 per cent ad valorem under paragraph 480 of the same act.

In the decision of the board it is not stated which of the protests were sustained, but the merchandise is therein said to be for all practical purposes the same as that the subject of the board's decision in Godillot's case, Abstract 23020 (T. D. 30529), and following that case the protests were sustained. From the decision so referred to we gather that the merchandise there was held dutiable under the provisions of paragraph 480 as a nonenumerated manufactured article.

The Government in this court, by proper assignments to that effect, claims error below in that Board 3 had no jurisdiction over the case, avers that its decision is therefore *coram non judice* and void, and urges that the cause be remanded to Board 1 for decision. It also claims that the merchandise is dutiable as manufactures in part of metal at 45 per cent ad valorem under paragraph 199 of the tariff act of 1909.

It seems necessary to consider only the first question made by the Government.

We have not the benefit of brief or argument on behalf of the importers, they having stipulated for the submission of the case, so far as they are concerned, on the opinion of the board.

We treat the record, for the purposes of this case, it being challenged in no other respect than as stated, to establish that the protest and papers in the case were duly transmitted by the collector to the board of nine general appraisers of merchandise and by it duly assigned to Board 1 for hearing and determination, and that said last-named board duly proceeded to set the case for hearing before it on a day certain, on which day came the parties and submitted the issues raised by the protest to said board for its determination upon the papers in the case.

Restated the precise question involved in the Government's first contention is this: When a classification case has been thus far proceeded with by and before one board of three, no other or later facts or proceedings being shown of record, except a decision by another board bearing date subsequently to the proceedings before the first board, has such other board jurisdiction to decide the case, and is its decision of force when directly challenged on appeal?

It is obvious that the determination of this question involves a consideration of the statutory provisions relating to the Board of General Appraisers and proceedings before them.

The statute provides, subsection 12 of section 28 of the tariff act of 1909—

That there shall be nine general appraisers of merchandise, three of whom shall be on duty daily at the port of New York as a board of general appraisers;

That protests against the rate or amount of duties shall be forwarded to said board of nine general appraisers at New York to be by rule thereof assigned for hearing, determination, or both;

That said nine general appraisers shall be divided into three boards of three members each, to be denominated respectively Board 1, Board 2, and Board 3;

That the president of the board of nine general appraisers, who is designated by the President of the United States, shall assign from the board of nine the respective members of each of the boards of three, and designate the chairmen thereof;

That the president of the board of nine may change said assignments or designations from time to time, shall be competent to sit as a member of any such board of three, and may, in the absence or inability of any one or two members of a board of three, assign other members of the general board to serve thereon;

That "each of the boards of three general appraisers, or a majority thereof, shall have full power to hear and determine all cases and questions arising therein or assigned thereto";

That the said board of nine "shall have power to establish from time to time such rules of evidence, practice, and procedure, not inconsistent with the statutes, as may be deemed necessary for the conduct and uniformity of its proceedings and decisions and the proceedings and decisions of the boards of three thereof";

That the president of the board "may at any time before trial under the rules of said board assign or reassign any case for hearing, determination, or both";

That a board of three "or a majority of them, who decided the case, may, upon motion of either party," made within the time provided, "grant a rehearing or retrial of said case when in their opinion the ends of justice may require it."

In subsection 14 of section 28 of the same act it is provided that in the event of a protest and upon compliance with the applicable provisions of the law, the collector shall transmit the invoice and all the papers and exhibits connected therewith in a given case to the board of nine general appraisers for due assignment and determination, as hereinbefore provided.

In subsection 17 it is, among other things, provided that all decisions of the general appraisers shall be reported to the board of

general appraisers on duty at New York, whose duty it is, under the direction of the Secretary of the Treasury, "to cause an abstract to be made and published of such decisions of the appraisers as they may deem important, and of the decisions of each of the general appraisers and boards of general appraisers," which abstracts shall be issued at least once each week for the information of customs officers and the public.

It seems clear that the provisions of the statute above recited contemplate that classification cases, like the one now before this court, shall by the collector be transmitted to the board of nine appraisers to be assigned for hearing and determination to one of the boards of three, into which it is by statute divided, thus in effect establishing each of said boards of three as the proper tribunals to hear and determine such cases. It will be observed in this connection that no power to hear and determine cases is vested in the general board of nine members, the language of the statute being that the papers shall be transmitted to the board of nine "to be by rule thereof assigned for hearing or determination, or both."

Under a statute very like in this respect to the one under consideration it was held that it was contemplated that the actual trial of the cases should be by and before a board of three. Prosser v. United States (158 Fed., 971).

We do not understand any other practice has obtained since the board has been composed of nine members.

From what has already been said it is apparent that we have here a record which shows a classification case to have been duly assigned to and heard by and before a board of three whose jurisdiction is not denied, which board has not determined the case as was its right and duty, but we do find in the record a decision of the case by another board whose authority and jurisdiction is not shown of record and which are challenged.

These boards of three general appraisers are manifestly in the eyes of the law tribunals of special and limited jurisdiction, and the record of their judgment, when it is directly attacked, must contain the essential jurisdictional averments. United States v. Loeb (107 Fed., 692).

The difference between the rule in a direct and a collateral attack upon the judgment of courts of general jurisdiction is said to be as follows:

The distinction between cases where the validity of the record of a court of general jurisdiction is drawn in question collaterally and those in which such record is directly impeached by writ of error or bill of review is broad and well defined. In the one case jurisdiction is presumed *prima facie* unless the record disproves it, while in the other, if it is denied, its existence must be proved by the record itself.

Brown on Jurisdiction (sec. 21, p. 110; sec. 22, p. 118) and cases cited in notes; Freeman on Judgments (sec. 578); Black on Judgments (sec. 288, p. 440); notes and cases cited (2 Cyc., 1032); Con-

tinental Insurance Co. *v.* Rhoads (119 U. S., 237); Cutler *v.* Huston (158 U. S., 431).

The jurisdiction of a court of inferior or special jurisdiction must be proved by matters appearing on the face of its record, and will not be presumed, and can not be proven in any other way.

If the record of a court, whether general or inferior or special jurisdiction, shows upon its face that it had not jurisdiction, this is conclusive everywhere and under all circumstances.

Where the jurisdiction of a court, no matter what the nature of its jurisdiction may be, is directly brought in question, its authority to act may be attacked and disproved, no matter what may appear on the face of its records.

Works on Courts and their Jurisdiction (p. 144).

No rules more favorable to upholding this judgment can be applied here.

The jurisdiction of any board of three to determine a case of this kind depends, in the first instance, upon whether or not such case has been duly assigned to it by general rule or otherwise, and when its jurisdiction, not having been waived, is challenged on appeal, as here, the record must affirmatively show such assignment or that the case falls within such rule.

In this case an assignment to Board 3 is not shown of record, but on the contrary an assignment to and hearing before Board 1 is shown of record and is not challenged. In other words, the record, for the purposes of this case, shows jurisdiction in Board 1, while it should show, to sustain the judgment, an assignment to Board 3. It therefore seems that Board 3 was, so far as the record discloses, without jurisdiction of this case, and it is by the record that its jurisdiction, no waiver appearing, must be established.

To pursue the discussion a little further it may be added that even if this were a case of a collateral attack upon a judgment and it were claimed that it might be presumed that in some way Board 3 had duly acquired jurisdiction, the answer then would be that in such cases no presumption can be indulged to support jurisdiction that contradicts the averments in the record. Black on Judgments (sec. 277); Settlemier *v.* Sullivan (97 U. S., 444); Works on Courts and their Jurisdiction (p. 163), citing Freeman on Judgments (sec. 125, sec. 132).

The averment here is that the case was assigned to and heard by Board 1, and hence, to presume an assignment to and hearing by Board 3 would dispute the record and would not be permitted.

It has been suggested that some procedure may have been had under Rule XII of the board of nine as a result of which Board 3 wrote the decision in this case. This rule is as follows:

XII. All decisions in classification cases by a board, before promulgation, shall be submitted to the members of the other boards on duty at the port of New York; and if two members of any other board are of the opinion that any proposed decision conflicts with another decision concurrent therewith or theretofore made by the board or by the United States courts, the president of the general board shall submit such decision to all the members of the general board so present at the port of New York;

and whenever a majority of said general board so present shall be of the opinion that a conflict exists, the case shall be reassigned by the president of the general board for decision to a board the majority of whose members agree with the majority of said general board, who shall duly proceed to hear and determine the same.

But there is nothing in the record whatever which indicates that proceedings here have been had under the provisions of this rule, the supposed result of which has been to take the case away from Board 1 and assign the same to Board 3 for hearing and determination. Neither is there anything in the record which shows that Board 3 has duly proceeded to hear and determine the case as provided by said rule, all of which should appear of record to give Board 3 jurisdiction thereof, assuming it *could* be given jurisdiction, which is not here decided. We therefore dispose of this case as if such rule were not in existence.

As already in substance appears, the record here shows the hearing of a case by Board 1, to whom it has been lawfully committed for hearing and determination and whose jurisdiction is not challenged, while the decision complained of has been rendered by another board, having no appellate jurisdiction of Board 1, with no showing whatever of record by what right or authority such other board assumed to decide the case or claims jurisdiction thereof and whose jurisdiction is directly challenged.

Under this state of facts and in view of the principles hereinbefore set forth it is apparent that Board 3 had no jurisdiction to determine this case and that its judgment therein is therefore wholly void. The case is still pending before Board 1 for determination and decision.

Judgment *reversed* and cause remanded.