## THE ADA M.

### UNITED STATES v. 5,870 BAGS AND 100 KEGS, etc.

### SAME v. BAY SHIPPERS, Limited.
#### No. 19.

Circuit Court of Appeals, Second Circuit.
Nov. 6, 1933.

the vessel was found within twelve miles of the coast with intoxicating liquors for which the master failed to produce a manifest; second, violation of section 586 (19 USCA § 488) of the Tariff Act alleging an unlawful unlading of cargo without permit within twelve miles of the coast; and third, violation of section 585 (19 USCA § 487) of the Tariff Act alleging an attempted departure of the vessel from the collection district without making a report or entry. The libel as to the cargo alleged one cause of forfeiture, violation of sections 581, 584, of the Tariff Act of 1922, stating that the cargo was found without the prescribed manifest at a point within twelve miles of the coast.

The circumstances surrounding the capture of the vessel were ample to support the claim that she was a rum runner, with forbidden cargo, and was attempting to and succeeding in unloading some of it. The serious question is that of the jurisdiction of the court.

The captain and mate of the Coast Guard vessel which came alongside the Ada M. took bearings at 1:15 a. m. by heading their boat directly at the Navesink and Ambrose Lights successively and noting down on paper the resulting bearings of these lights. The resulting lines were plotted on a chart and showed the position to be about nine miles off the coast of New Jersey. The soundings which were taken agreed with this position. The Coast Guard ship then radioed to her headquarters for instructions and help. Another Coast Guard boat arrived at 3 a. m., at which time the bearings were again taken in the manner described. The position was then eleven miles off shore. This change of position was due to the drift out to sea with the tide and the wind. Thereafter a line was made fast to the Ada M. and she was towed to New York Harbor.

The master of the Ada M. testified that at 1:15 a. m. he took bearings and he reckoned his distance as sixteen miles from shore. The court below accepted appellee's testimony as correctly stating the distance.

■ A libel in a cause of forfeiture must state the facts which give the court jurisdiction. The Hoppet v. U. S., 7 Cranch, 389, 3 L. Ed. 380; The Sagatind (D. C.) 4 F.(2d) 928. The Supreme Court held, in Cook v. United States, 288 U. S. 102, 53 S. Ct. 305, 77 L. Ed. 641, that the Treaty of May 22, 1924 (43 Stat. 1761), protected British vessels and determined the jurisdiction of the United States courts and the right to seize vessels thus protected. That treaty permitted forfei-

Wise, Whitney & Parker, of New York City (Francis C. Lowthorp and Robert E. Canfield, both of New York City, of counsel), for appellants.

George Z. Medalie, U. S. Atty., of New York City (Bronson Goddard, Asst. U. S. Atty., of New York City, of counsel), for the United States.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

MANTON, Circuit Judge.

The decree below was entered in consolidated causes of forfeiture of the Ada M., a British owned vessel, and its cargo of intoxicating liquors. The libels alleged and the trial proceeded upon the theory that the Ada M. with her cargo, on April 1, 1930, when captured, was within twelve maritime miles of the coast of the United States, loaded with intoxicating liquors. She was overtaken, and an officer of the Coast Guard boarded her. He demanded inspection of the vessel's manifest, but it was not produced. He then made search and found that part of the cargo had been discharged. The vessel was seized, taken to the Port of New York, where libels of forfeiture against the vessel and cargo were filed.

The libel as to the vessel alleged three causes of forfeiture: First, violations of sections 581, 584, and 594 of the Tariff Act of 1922 (19 USCA §§ 481, 486, 498) and that

.ture and seizure only within one hour's sailing distance of the seized vessel from the United States shore. The libel failed to allege the vessel was seized at a place from which it could reach the shore in one hour, and is therefore demurrable. Nor is there conclusive evidence in this record showing that the vessel could sail in an hour to the shore from the place where she was apprehended or from the place where she was later taken into custody. We must therefore reverse the decree and remand the cause to the District Court, there to apply for leave to amend the libel, if so advised, and to offer the evidence lacking here. The Abby Dodge, 223 U. S. 166, 178, 32 S. Ct. 310, 56 L. Ed. 390; The Mary Ann, 8 Wheat. 380, 390, 5 L. Ed. 641.

█ The right to seizure of this British owned vessel is dependent entirely upon the terms of the treaty to which reference is made.

Decree reversed and remanded.