UNITED STATES v. 3190 BAGS, 228 CASES, and 17 KEGS, CONTAINING RYE WHISKY AND SCOTCH WHISKY et al.

THE ISABEL H.

UNITED STATES v. YARMOUTH SHIPPING CO., Limited.

THE MOHAWK.

UNITED STATES v. COLLINS.

Nos. 258–260.

Circuit Court of Appeals, Second Circuit.

April 2, 1934.

Louis Halle, of New York City (Milton. R. Kroopf, of New York City, of counsel), for appellants.

Martin Conboy, U. S. Atty., of New York City (George R. Pfann, Asst. U. S. Atty., of New York City, of counsel), for the United States.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

On the evening of February 21, 1930, the Coast Guard destroyer Trippe seized the British vessel Isabel H, her cargo of intoxicating liquor, and the motorlaunch Mohawk, to which a small part of the cargo had been transferred. The place of seizure was south of Amagansett, L. I., and the court found, as alleged in the amended libels, that it was within four leagues of the coast and within an hour's sailing distance from the coast by the contact boat Mohawk. The three suits were tried together and disposed of in a single opinion ([D. C.] 2 F. Supp. 896), to which reference may be had for a more detailed statement of the facts. The Isabel H was subjected to penalties for nonproduction of a manifest upon demand, for carrying unmanifested cargo, and for unlading cargo before arrival at a proper place of discharge, in violation of the provisions of the Tariff Act of 1922, §§ 584, 586, 594 (19 USCA §§ 486, 488, 498). The cargo of liquor was forfeited under section 584 of said act (19 USCA § 486), and the Mohawk was forfeited under section 4377, Revised Statutes (46 USCA § 325), for carrying on a business other than that for which she was licensed.

The appellants ask us to reverse the District Court's findings that the seizure was effected within the twelve-mile zone and within such a distance from the shore as the contact vessel could traverse in an hour's sailing. The radio bearings and courses as plotted by the commanding officer of the Trippe when she was at anchor after the seizure fixed her position at about 10.1 miles from shore. The contention is that weight should have been given to the bearings received from Surfside Station rather than to those received from Amagansett and Price's Neck, and that accurate plotting of the former would prove the location to have been more than 12 miles from the coast. But, if all the radio bearings were disregarded, the sun bearings taken on February 23d, to which the District Court accorded "equal or greater weight," located the vessels between 9 and 10 miles from shore. This alone is sufficient to sustain the finding. There is also ample to support the finding as to the speed of the Mohawk. Even if we omit the earlier "pacing" at Orient Point and Lieut. Kemmer's unlogged test on the morning of February 22d, there remains the testimony concerning two other tests which showed an average speed of about 11 knots. Against this the appellants offered nothing but an expert's opinion based on an examination of the boat three years after her seizure. The trial court saw the witnesses and gave credence to their testimony; its findings must stand. Hence seizure of the British vessel Isabel H and her cargo, although outside territorial waters, was permitted by the terms of the Treaty with Great Britain proclaimed May 22, 1924 (43 Stat. 1761). See Cook v. United States, 288 U. S. 102, 53 S. Ct. 305, 77 L. Ed. 641.

The appellants now raise a question of law based on the subsequent repeal of the Eighteenth Amendment. The contention is that the treaty (article 2 (2) permitted seizure only if there was "reasonable cause for belief that the vessel has committed or is committing or attempting to commit an offense against the laws of the United States * * * prohibiting the importation of al-

248

coholic beverages"; that the laws prohibiting such importation fell with the repeal of the amendment; hence the treaty was abrogated, and without the treaty condemnation of the vessel and her cargo has no legal basis. Yeaton v. United States, 5 Cranch, 281, 3 L. Ed. 101, and United States v. Chambers, 54 S. Ct. 434, 78 L. Ed. ——, 89 A. L. R. 1510, are relied upon. Whether or not ratification of the Twenty-First Amendment, which repealed the Eighteenth, effected an abrogation of the treaty we need not decide. The seizure was lawful when made, and under it the vessel and her cargo might be libeled for a violation of either the customs laws or the prohibition laws. General Import & Export Co. v. United States, 286 U. S. 70, 52 S. Ct. 474, 76 L. Ed. 983; General Motors Acceptance Corp. v. United States, 286 U. S. 49, 52 S. Ct. 468, 76 L. Ed. 971, 82 A. L. R. 600; The Ada M., 67 F.(2d) 333 (C. C. A. 2). The United States elected to proceed under the former, and that statute still remains in force as to pending cases. 19 USCA § 1651. Hence it is immaterial that the Prohibition Act (27 USCA) went down with the Eighteenth Amendment, or that the treaty was abrogated (if that result be assumed), for forfeiture was not had under the treaty. Neither the Yeaton Case nor the Chambers Case is applicable, because the law under which the penalty is imposed has not been repealed.

To sustain the decree against the Mohawk, it is sufficient to cite United States v. The Ruth Mildred, 286 U. S. 67, 52 S. Ct. 473, 76 L. Ed. 981.

Decrees affirmed.