**THE ADA M.**

**UNITED STATES v. 5870 BAGS AND 100 KEGS (SOME SLACK) et al.**

District Court, S. D. New York.
May 14, 1937.

See, also, 20 F.Supp. 333.

Lamar Hardy, U. S. Atty., of New York City (Earle N. Bishopp, Asst. U. S. Atty., of Middletown, N. Y., of counsel), for libelant.

Wise, Whitney & Parker, of New York City, for claimants.

PATTERSON, District Judge.

The motion is by the United States for an order granting leave to amend the libels in both cases and permitting the taking of further testimony.

The cases arose out of the seizure of the British ship Ada M off the New Jersey coast on April 1, 1930. The vessel had a cargo of intoxicating liquor on board. A libel against the vessel and a libel against the cargo were filed in April, 1930, claiming forfeiture and penalties under the Tariff Act of 1922 (42 Stat. 979, § 581 et seq. [19 U.S.C.A. § 481 et seq.]). The libels alleged that the seizure took place within twelve miles of the coast, but said nothing about whether the vessel was then within one hour's sailing distance from the coast. Claimants of vessel and cargo appeared and filed answers. The cases were tried together in May, 1932, before the late Judge Coleman, trial by jury having been waived. The court found that the vessel was within twelve miles of the coast and signed a decree of forfeiture as to vessel and cargo. On appeal the Circuit Court of Appeals reversed, on the ground that the Treaty with Great Britain of May 22, 1924 (43 Stat. 1761), permitted seizure and forfeiture of a British vessel only in case the vessel when seized was within one hour's sailing distance from the coast, and the libels failed to allege and the proof failed to show conclusively that the vessel was seized within that distance. The Ada M, 67 F.(2d) 333, 335 (C.C.A.2). The court said at the close of its opinion: "We must therefore reverse the decree and remand the cause to the District Court, there to apply for leave to amend the libel, if so advised, and to offer the evidence lacking here." The mandate of the Circuit Court of Appeals came down on November 6, 1933.

The present motion is for leave to amend the libels by inserting the additional averment that the vessel was seized within one hour's sailing distance from the coast, and for leave to tender evidence on that issue. The motion was made on December 14, 1933, only a month after the reversal of the decree; it came up for hearing on January 2, 1934, and was referred by the judge then sitting to Judge Coleman. It was never heard by Judge Coleman, however, for the reason that the claimants submitted an offer of compromise and argument of the motion was deferred awaiting action by the United States on the offer. Eventually the offer was accepted, but the claimants did not carry it out. The claimants made a second offer, which was rejected. In April, 1936, they made a third offer, and this offer, was rejected in August, 1936. In February, 1937, the United States gave notice that the motion originally made in December, 1933, would be brought on for argument. It was finally argued in April, 1937.

The power to permit parties to amend defects in pleadings, given or recognized by section 954 of the Revised Statutes (28 U.S.C.A. § 777) and antecedent statutes, is a power to be exercised liberally, so that the real controversy between the litigants may be presented for determination. Norton v. Larney, 266 U.S. 511, 45 S.Ct. 145, 69 L.Ed. 413; Taylor Co. v. Anderson, 275 U.S. 431, 48 S.Ct. 144, 72 L.Ed. 354. On reversal of a judgment or decree by an appellate court and remand for further proceedings, the trial court may allow amendments to remedy defects. Continental Insurance Co. v. Rhoads, 119 U.S. 237, 7 S.Ct. 193, 30 L.Ed. 380; Menard v. Goggan, 121 U.S. 253, 7 S.Ct. 873, 30 L. Ed. 914; Stuart v. Easton, 156 U.S. 46, 15 S.Ct. 268, 39 L.Ed. 341. It is quite evident that the United States should have the

leave to amend asked for, unless there be merit in one or more of the objections raised by the claimants.

The claimants say that the proposed amendments will introduce new causes of action after the running of the five-year statute of limitations applicable to suits for penalties or forfeitures under the customs laws, that the original libels were based on the Tariff Act of 1922, whereas the proposed amended libels are based on the Treaty with Great Britain. But it is a misconception to say that the United States by the amended libels will state causes of action under the Treaty. The causes of action will still be based on the Tariff Act of 1922, with a recognition that the right of search and seizure given by that statute was narrowed by the provisions of the Treaty of 1924. Cook v. United States, 288 U.S. 102, 120, 53 S.Ct. 305, 77 L.Ed. 641. The Circuit Court of Appeals of this Circuit has made it plain that the proposed amended libels show causes of action under the Tariff Act. The Isabel H., 70 F.(2d) 246, 248. The effort is not to bring in new causes of action, but rather to supply omissions in the causes of actions that are defectively stated in the original libels. Missouri, Kansas & Texas R. Co. v. Wulf, 226 U.S. 570, 33 S.Ct. 135, 57 L.Ed. 355, Ann. Cas.1914B, 134; Friederichsen v. Renard, 247 U.S. 213, 38 S.Ct. 450, 62 L.Ed. 1075; Fleischmann Const. Co. v. United States, to Use of Forsberg, 270 U.S. 349, 46 S.Ct. 284, 74 L.Ed. 624; United States v. Memphis Cotton Oil Co., 288 U.S. 62, 67–69, 53 S.Ct. 278, 77 L.Ed. 619.

Another objection by the claimants is that the Treaty of 1924 passed out of existence with the adoption of the Twenty-first Amendment. The argument is a curious one. Suppose the Treaty did drop out of the picture in 1933. The abrogation would have no effect on the right or wrong in a seizure made three years earlier. But even if the abrogation did for some strange reason "relate back," the fact would harm rather than help the claimants. For then the seizure, already proved to have been within the twelve-mile limit, would have been entirely valid under the only law applicable, the Tariff Act of 1922. The claimants' contention that the Treaty is no longer in existence is the minor premise in a syllogism the major premise of which is that the right of forfeiture is founded on the Treaty. The major premise being false, The Isabel H., supra, there is no need of discussing whether the Treaty is still in effect.

The third objection is that allowance of the amendments would be unfair to the claimants, because it will be difficult for them now to get evidence as to the speed of the Ada M. Attention is called to the fact that the United States caused a speed test to be made of the vessel on April 3, 1930, without notice to the claimants. The claimants did not appear until April 23, 1930, so that notice to them was hardly possible. Even if notice could have been given, there was nothing outrageous in testing the speed of the vessel without inviting representatives of the claimants to attend. It is true that the case is somewhat stale now and that evidence of the vessel's speed on April 1, 1930, may not be as easily obtained as formerly. It is to be borne in mind, however, that this motion was made in 1933, that the claimants had plain notice by that time that the United States proposed to offer proof of the vessel's speed, and that the delay since 1933 has been due to the claimants' efforts at compromise.

The motion for leave to amend the libels to allege that seizure took place within one hour's sailing distance from the coast and for the taking of evidence on that issue will be granted. The order will be settled on two days' notice.