## THE ADA M.

**UNITED STATES v. 5,870 BAGS AND 100 KEGS (SOME SLACK) CONTAINING GIN, SCOTCH AND RYE (ROST et al., Claimants).**

District Court, S. D. New York.
July 19, 1937.

**334**

Lamar Hardy, U. S. Atty., of New York City (Earle N. Bishopp, of Middletown, N. Y., of counsel), for the United States.

Wise, Whitney & Parker, of New York City, for claimants.

LEIBELL, District Judge.

On April 1, 1930, the British owned vessel Ada M. was seized by the Coast Guard off the New Jersey coast as a rum runner and the vessel was taken to the Port of New York and libels of forfeiture against the vessel and cargo were filed.

The libel against the vessel alleged three causes of forfeiture for violation of various sections of the Tariff Act of 1922 (42 Stat. 858). The libel against the cargo alleged a cause of forfeiture under the said act charging that the cargo was found without the prescribed manifest at a point within twelve miles of the coast.

Thereafter in May, 1932, the causes were consolidated and tried together in this court. Judgment was rendered in favor of the United States in both proceedings. In due course an appeal was taken to the Circuit Court of Appeals, and that court, in an opinion reported in The Ada M., 67 F. (2d) 333, 335, reversed the judgment of the District Court, 60 F.(2d) 449. Both the libel against the vessel and the libel against the cargo charged violations of law while the vessel was within twelve miles of the coast. The Circuit Court of Appeals held, in accordance with the decision of the Supreme Court in Cook v. United States, 288 U.S. 102, 53 S.Ct. 305, 77 L.Ed. 641, that the effect of the Treaty of May 22, 1924 (43 Stat. 1761), between the United States and Great Britain was to modify the right of seizure of British vessels so that they could be apprehended, not within twelve miles of the coast, but only within one hour's sailing distance of the seized vessel from the United States shore. In the absence of pleading and proof showing that the Ada M. when seized was within one hour's sailing distance of the coast, the Circuit Court of Appeals held that this court had no jurisdiction to enter a decree of forfeiture.

The proceedings were remanded to the District Court with permission "to apply for leave to amend the libel, if so advised, and to offer the evidence lacking here." An application for leave to amend the libels was made in December, 1933, but the application was held in abeyance pending efforts to arrive at a settlement of the litigation.

Thereafter, in April, 1937, the motion for leave to amend was heard by Judge Patterson. 20 F.Supp. 331. The application was granted and libelant was permitted to amend the libels so as to allege that the seizure took place within one hour's sailing distance from the coast. The libels have been so amended.

The claimant has filed exceptions to the amended libels and now moves for an order sustaining said exceptions. Claimant argues that the amended libel in each case does not state facts sufficient to constitute a cause of action for forfeiture or show that this court has jurisdiction of the cause.

The theory of claimant's argument is that the causes of forfeiture set forth in

the amended libels are based upon the Treaty of 1924 with Great Britain (43 Stat. 1761). The contention is made that, though the amended libels adequately allege a seizure within one hour's sailing distance of the seized vessel from the shore, they are still insufficient in that they do not allege a violation of the Prohibition Act (27 U.S.C.A. § 1 et seq.), but rather violations of the Tariff Act of 1922 (42 Stat. 858). In effect, claimant argues that this court's jurisdiction is wholly dependent upon the Treaty of 1924.

It is apparent that claimant fails to distinguish between the right of forfeiture given by the Tariff Act of 1922 and the right of seizure which was limited by the Treaty with Great Britain. Cook v. United States, supra.

The distinction was well stated by Judge Patterson in his opinion, dated May 14, 1937, when he had before him the motion for leave to amend the libels. Claimant had argued upon that motion that leave to amend should be denied, because the proposed amended libels would set up entirely new causes of action based upon the treaty, whereas the original libels were based upon the Tariff Act of 1922. Judge Patterson said: "But it is a misconception to say that the United States by the amended libels will state causes of action under the Treaty. The causes of action will still be based on the Tariff Act of 1922, with a recognition that the right of search and seizure given by that statute was narrowed by the provisions of the Treaty of 1924. Cook v. United States, 288 U.S. 102, 120, 53 S.Ct. 305, 77 L.Ed. 641. The Circuit Court of Appeals of this circuit has made it plain that the proposed amended libels show causes of action under the Tariff Act. The Isabel H., 70 F.(2d) 246, 248. The effort is not to bring in new causes of action, but rather to supply omissions in the causes of actions that are defectively stated in the original libels."

The construction to be given the Treaty of 1924 with Great Britain was well described by Chief Justice Taft in Ford v. United States, 273 U.S. 593, at page 618, 47 S.Ct. 531, 539, 71 L.Ed. 793, as follows: "The parties were dealing with a situation well understood by both. In effect they wished to enable the United States better to police its seaboard, by enabling it within an hour's sail from its coast, beyond its territorial jurisdiction, and on the high seas, to seize British actual or would-be smugglers of liquor and, if they were caught, to proceed criminally against them as if seized within the 3-mile limit for the same offenses in reference to liquor importation. No particular laws by title or date were referred to in the treaty, but only the purpose and effect of them. Plainly it was the purpose of the contracting parties that vessels and men who are caught under the treaty and are proven to have violated any laws of the United States, by which the importation of liquor is intended to be stopped through forfeiture or punishment, may be prosecuted after the seizure. The National Prohibition Act expressly punishes the importation of intoxicating liquor. The Tariff Act of 1922 declares it an offense to make any illegal importation and so makes it an offense to import intoxicating liquor."

Clearly, it is sufficient that the causes of forfeiture in this proceeding are based upon the provisions of the Tariff Act of 1922 which were in effect at the time of the seizure of the vessel and cargo. The Treaty with Great Britain merely modified the right of seizure and, except for that limitation, had no effect upon the right of forfeiture given by the Tariff Act.

It is to be noted that in the opinion of the Circuit Court of Appeals in this case there is no word of criticism of the libels in so far as the right of forfeiture is based upon the Tariff Act of 1922. The only defect pointed out by the Circuit Court of Appeals was the failure to allege and prove a seizure within one hour's sailing distance off the shore. The provisions of the Tariff Act (19 U.S.C.A. §§ 481, 486, 488, 498) providing for seizure and forfeiture of vessels and cargoes for violation of the laws of the United States are broad enough to include seizure and forfeiture for violation of the Prohibition Act.

If the seizure was lawful, having in mind the modification by the Treaty of 1924, then the vessel and cargo may be libeled for either a violation of the Tariff Act or the Prohibition Act.

In The Isabel H., 70 F.(2d) 246, the Circuit Court of Appeals of this Circuit upheld the forfeiture of a British ship under circumstances clearly similar to the case at bar. In the course of its opinion the court stated, 70 F.(2d) 246, at page 248: "The seizure was lawful when made, and under it the vessel and her cargo might

be libeled for a violation of either the customs laws or the prohibition laws. General Import & Export Co. v. United States, 286 U.S. 70, 52 S.Ct. 474, 76 L.Ed. 983; General Motors Acceptance Corp. v. United States, 286 U.S. 49, 52 S.Ct. 468, 76 L.Ed. 971, 82 A.L.R. 600; The Ada M., 67 F.(2d) 333 (C.C.A.2). The United States elected to proceed under the former, and that statute still remains in force as to pending cases. 19 U.S.C.A. § 1651. Hence it is immaterial that the Prohibition Act (27 U. S.C.A.) went down with the Eighteenth Amendment, or that the treaty was abrogated (if that result be assumed), for forfeiture was not had under the treaty."

The amended libels sufficiently allege a seizure within one hour's sailing distance from the shore as provided by the treaty and are sufficient to set forth causes of forfeiture under the Tariff Act of 1922. The exceptions to the amended libels are accordingly overruled. Submit order on notice.