**BREEN et al.**

**v.**

**HOUSING AUTHORITY OF CITY OF PITTSBURGH et al.**

Civ. A. No. 11736.

United States District Court
W. D. Pennsylvania.
Jan. 28, 1954.

James M. Keller, Myron D. Leff, Pitts-
burgh, Pa., for plaintiff.

Everett E. Utterback, William H.
Mendlow, John W. McIlvaine, U. S.
Atty., Pittsburgh, Pa., for defendant.

WILLSON, District Judge.

This suit was filed in the state courts
of Allegheny County, Pennsylvania and

removed to this Court by the United States. Plaintiffs style themselves trustees ad litem for the Glen Hazel Cooperative Housing Association, an unincorporated association composed of more than 500 tenants of Glen Hazel housing project known as project Pa. 36101, a war housing project consisting of 999 units situate in the City of Pittsburgh. Plaintiffs allege that the Housing Authority of the City of Pittsburgh is a public body corporate existing under the laws of Pennsylvania and that defendants Clarence C. Klein and Alfred Tronzo are executive officers of that corporation; and that the Housing and Home Finance Agency, Public Housing Administration, is an independent United States Government agency with offices at Washington, D. C.

Plaintiffs allege that the defendant Housing Authority of the City of Pittsburgh unlawfully procured to itself from the Housing and Home Finance Agency, Public Housing Administration, a deed of the Glen Hazel housing project, which deed was recorded in the Recorder's office of Allegheny County, Pennsylvania. Plaintiffs allege that the conveyance was a nullity in that the attempted transfer occurred in violation of the prerequisites required for a valid transfer of the property under the Housing Act of 1950. Plaintiffs in their prayer for relief pray (a) that the deed be declared void and of no effect and that defendants be required to execute and reconvey the real estate described therein to the Housing and Home Finance Agency; (b) that defendants be requested to account for all rents, etc.; and (c) that defendants, Housing Authority of the City of Pittsburgh, be enjoined from removing and evicting tenants. Other relief is requested upon which it is not necessary to elaborate at this point.

The United States has filed a motion to dismiss alleging four reasons with sub-paragraphs, only the first of which is necessary to consider, and which reads:

"(1) The jurisdiction of the Court of Common Pleas of Allegheny County, Pennsylvania and therefore of this Honorable Court is challenged for the reasons:

"(a) The United States of America is an indispensable party to this action and has not been joined as a defendant, as required by the Federal Rules of Civil Procedure.

"(b) The Housing and Home Finance Agency, Public Housing Administration, an agency of the United States of America, was not served in accordance with Rule IV, Sections (d)–4 and (d)–5 of the Federal Rules of Civil Procedure [28 U.S.C.].

"(c) The United States of America has not given its consent to be sued.

"(d) The Lanham Act, the statute under which the Glen-Hazel was constructed and controlled, does not provide for jurisdiction of local courts, except in cases brought by the Administrator for the recovery of its property."

It appears that the Glen Hazel housing project, consisting of 999 units, was a war housing development constructed under the provisions of the Lanham Act, 54 Stat. 1125, as amended, 42 U.S.C.A. § 1521 et seq. The purposes of the Lanham Act were to provide housing for persons engaged in national defense activities. Under the act, the Federal Works Administrator was charged with the responsibility of carrying out its provisions and was authorized to acquire interests in land by condemnation, purchase, gift or lease. By Executive Order No. 9070 of February 24, 1942, which is set forth in full under the note to sec. 601 of Title 50 U.S.C.A.Appendix, all the functions, powers and duties of the Federal Works Administrator under the Lanham Act relating to defense housing were transferred to the Federal Public Housing Authority, which was a constituent unit of the Na-

tional Housing Agency. Under the President's Reorganization Plan No. 3 of 1947, effective July 27, 1947, 12 Fed. Reg. 4981, 5 U.S.C.A. following section 133y–16, the functions of the Federal Public Housing Authority were transferred to the Public Housing Administration under the Housing and Home Finance Agency.

In the administration of the Lanham Act the Federal Public Housing Authority, now Public Housing Administration, was considered to be an agent and instrumentality of the United States. United States v. City of Philadelphia, D. C., 56 F.Supp. 862, affirmed 3 Cir., 1945, 147 F.2d 291, certiorari denied 325 U.S. 870, 65 S.Ct. 1410, 89 L.Ed. 1989. It will be noted that the land and improvements involved in this action were held and owned by the United States and were conveyed by the United States to the Housing Authority of the City of Pittsburgh by the deed dated January 31, 1953, of which a copy is attached to the complaint.

■■ The Public Housing Administration and the Housing and Home Finance Agency are administrative arms of the Federal Government and have no identity separate and distinct from the Government, being merely unincorporated agencies carrying out certain governmental functions. North Dakota-Montana Wheat Growers' Ass'n v. United States, 8 Cir., 1933, 66 F.2d 573, 92 A.L.R. 1484, certiorari denied 291 U.S. 672, 54 S.Ct. 457, 78 L.Ed. 1061; Thomason v. Works Progress Administration, 9 Cir., 1943, 138 F.2d 342. The United States is an indispensable party since its interests and property are directly affected by this action. As pointed out above, the Glen Hazel housing project was owned by the United States and conveyed by it to the Housing Authority of the City of Pittsburgh by deed dated January 31, 1953. It is apparent that a decree in favor of the plaintiffs would constitute an interference with the use and disposition by the United States of its property. Under such circumstances, the courts have held that the United States is an indispensable party.

Assuming, however, that the first two reasons advanced by the government are procedural merely and if decided adversely to plaintiff would not dispose of the real issue, an inquiry must be directed under the motion, paragraph 1 (c), as to whether or not the United States has given its consent to be sued under the facts alleged in this complaint. Plaintiffs assert that 42 U.S.C.A. § 1404 a, which provides that, "The Public Housing Administration shall sue and be sued only with respect to its functions under this chapter, and sections 1501–1505 of this title", authorizes the suit. The chapter referred to is Chapter 8 of 42 U.S.C.A. § 1401 et seq., designated "Low Rent Housing". It is to be observed that section 1405(b) adds nothing substantive to the foregoing section, but is merely directive as to the name to be used in a suit against the Public Housing Administration.

■■ The Act of Congress, 42 U.S.C.A. § 1521 et seq., directed the disposal of Defense Housing. The Administrator was specifically authorized to convey the property in question under Section 1586 providing certain conditions precedent were met. Among the conditions precedent set forth in the section were that a request be made by the local housing agency to the Administrator, also that the Administrator determine that the project requested would meet a need for suitable low rent housing. Plaintiffs allege that the deed is a nullity because no valid request for conveyance of the project to the City of Pittsburgh was ever made as required by the Act. Plaintiffs also aver that other conditions required by the Act were not fulfilled prior to the transfer of the property. This raises the question as to who is to determine whether the conditions precedent were met. The authorization given by Congress to the Administrator to dispose of the housing projects to local public agencies under the conditions prescribed was a transfer

of authority from the Congress to the Executive. Whether the conditions precedent were met involves an exercise of the discretionary determination by the Executive Branch of the government acting through the Administrator. Under the wording of the statute, it is not believed that the courts may inquire into whether the Administrator properly exercised the duties of his office. Even if a suit were authorized in the instant case, it is doubted that the courts could examine the question raised by this complaint. It is fundamental that the Judicial Branch of the government may not invade the Executive to inquire into the reasons behind executive action.

■■ Further, section 1404a cannot be enlarged so as to authorize the suit in question, which seeks to set aside a deed of the United States. Plaintiffs quote at considerable length Shanks Village Committee Against Rent Increases v. Cary, 197 F.2d 212. Though that decision is from the Second Circuit, the opinion was written by Judge Biggs of this Circuit. That decision bears on the functions only of the Administrator in the operation of a housing project. It is not regarded as deciding the question now under discussion. In Gibbs v. United States, 4 Cir., 150 F.2d 504, it is held that Congress alone has the power to dispose of property of the United States. In discussing the disposal of housing constructed under the Lanham Act by the Administrator, 150 F.2d at page 508, the Court says:

> "Congress, in whom alone resides power to dispose of property of the United States, Sioux Tribe of Indians v. United States, 316 U.S. 317, 62 S.Ct. 1095, 86 L.Ed. 1501 conferred power upon the Administrator to sell and convey housing property or in his discretion to transfer jurisdiction thereof to the Navy Department."

■ It is, of course, well settled that the United States may not be sued without its express consent. Carr v. United States, 98 U.S. 433, 25 L.Ed. 209; Morrison v. Work, 266 U.S. 481, 45 S.Ct.

149, 69 L.Ed. 394; Ickes v. Fox, 300 U.S. 82, 57 S.Ct. 412, 81 L.Ed. 525; United States v. Sherwood, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058. Jurisdiction over the United States cannot be presumed or even inferred. Continental Ins. Co. v. Rhoads, 119 U.S. 237, 7 S.Ct. 193, 30 L.Ed. 380; Ex parte Smith, 94 U.S. 455, 24 L.Ed. 165. Moreover it is error to join the United States with other party defendants without its consent. United States v. Sherwood, supra.

A similar case to the one at bar was decided on January 12, 1948 by the United States District Court for the Northern District of Indiana, South Bend Division, Van Deman v. United States, 119 F.Supp. 599. Judge Swygert, in a rather exhaustive discussion on the identical issue presented here, ruled that as the United States had not given its consent, it could not be sued, and the action there was dismissed.

Therefore, on the broad general proposition that Congress has not authorized this suit, the motion to dismiss the action will be granted.