### AMORY *v.* AMORY.

### SAME *v.* SAME

1. A petition for the removal from a State court of a suit brought by the plaintiffs in their representative capacity as executors is insufficient, under the act of March 2, 1867 (14 Stat. 558), where the defendant, who is not a citizen of the State where the suit is brought, alleges, so far as the citizenship of the plaintiffs is concerned, that they, "as such executors," are citizens of that State.

2. Where the jurisdiction of the courts of the United States depends upon the citizenship of the parties, it has reference to their personal citizenship.

3. *Insurance Company* v. *Pechner, supra,* p. 183, cited and approved.

ERROR to the Superior Court of the city of New York. The facts are stated in the opinion of the court.

*Mr. W. T. Birdsall* and *Mr. W. R. Beebe* for the plaintiff in error.

The court declined to hear *Mr. Matt. H. Carpenter* for the defendants in error.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

These cases are substantially disposed of by the decision in *Insurance Company* v. *Pechner, supra,* p. 183. They each present the question of the sufficiency of a petition for removal under the act of March 2, 1867, 14 Stat. 558. The suits were in New York by the defendants in error as executors, against the plaintiff in error, a citizen of New Jersey. The petitions for removal set forth sufficiently the citizenship of the plaintiff in error, but as to the defendants in error the allegations are " that said plaintiffs, as such executors, are citizens of the State of New York." Clearly this is not sufficient. Where the jurisdiction of the courts of the United States depends upon the citizenship of the parties, it has reference to the parties as persons. A petition for removal must, therefore, state the personal citizenship of the parties, and not their official citizenship, if there can be such a thing. From the language here employed, the court may properly infer that, as persons, the plaintiffs in error were not citizens of New York. For all that appears, they may have been citizens of New Jersey, as was the defendant. Holding, as we do, that a State court is not bound to surrender its jurisdiction upon a petition for removal until at least a petition is filed, which, upon its face, shows the right of the petitioner to the transfer, it was not error for the court to retain these causes. We need not, therefore, consider whether the act of 1867 limits the right of removal to the citizenship of the parties at the time of the commencement of the suit, or whether the State court had the right to call upon the defendants in error to show cause against the application.　　　　　　*Judgments affirmed.*