## MERCHANTS' NAT. BANK OF NEW YORK *v.* BROWN.[1]

*(Circuit Court, E. D. Louisiana.* June, 1883.)'

1. REMOVAL OF CASES.

    The petition for removal must aver that the parties are citizens of another state; an averment that they are residents of another state is not sufficient.

2. JURISDICTION.

    As the jurisdiction of the state court has never been lawfully divested, it follows that this court has never acquired jurisdiction. The case has never been removed from the state court to this court. It cannot, therefore, be remanded, but all proceedings in this court will be dismissed.

On Motion to Remand.

*E. Howard McCaleb,* for plaintiff.

*John Ray,* for defendant.

PARDEE, J. In this case the court notices from the record and supplemental record the following proceedings in the state court:

(1) That a judgment by default was entered against defendant on the tenth day of February, 1883; (2) that the petition for removal was presented and filed on the thirteenth day of February, 1883, and the application refused on the same day; (3) a final judgment was rendered confirming the default, February 14, 1883; (4) an answer, pleading the general denial, was filed February 15, 1883, but without setting aside the default or the final judgment of confirmation rendered the day previous; (5) on the fifteenth of February a motion for a new trial was made; (6) on the twentieth of February, 1883, the petition for *certiorari* was presented to this court, the order issued, and on the twenty-second of February, 1883, this petition was filed. In this petition for *certiorari,* presented and filed after the trial of the cause and rendition of judgment in the state court, is the first averment of the defendant's citizenship. .

It is admitted that neither in the record nor in the petition for removal is there any averment whatever of defendant's citizenship, showing that either (1) at the time of the commencement of the action, or (2) at the time of the application for removal, she was a citizen of a different state from the plaintiff. *Beede* v. *Cheeney,* 5 FED. REP. 388; *Kaeiser* v. *Ill. Cent. R. Co.* 6 FED. REP. 1; *Smith* v. *Horton,* 7 FED. REP. 270; *Sherman* v. *Manuf'g Co.* 11 FED. REP. 852. The petition for removal must aver that the parties are citizens of another state; an averment that they are residents of another state is not sufficient. *Parker* v. *Overman,* 18 How. 137; *Bingham* v. *Cabot,* 3 Dall. 382; *Abercrombie* v. *Dupuis,* 1 Cranch, 343; *Wood* v. *Wagnon,* 2 Cranch, 9.

It being conceded that the requisite showing not having been made either in the petition for removal or in the record, it is clear that the state court properly refused to surrender its jurisdiction on the facts and pleadings appearing before it.

[1] Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

"This right of removal is statutory. Before a party can avail himself of it he must show upon the record that his is a case which comes within the provisions of the statute. His petition for removal, when filed, becomes a part of the record in the cause. It should state facts, which, taken in connection with such as already appear, entitle him to the transfer. If he fails in this, he has not, in law, shown to the court that it cannot 'proceed further with the cause.' Having once acquired jurisdiction, the court may proceed until it is judicially informed that its power over the cause has been suspended. * * * This certainly is not stating affirmatively that such was his citizenship when the suit was commenced. The court had the right to take the case as made by the party himself, and not inquire further. If that was not sufficient to oust the jurisdiction, there was no reason why the court might not proceed with the cause." *Ins. Co.* v. *Pechner*, 95 U. S. 185, 186.·

"Holding, as we do, that a state court is not bound to surrender its jurisdiction upon a petition for removal until, at least, a petition is filed, which, upon its face, shows the right of the petitioner to the transfer, it was not error for the court to retain these causes." *Amory* v. *Amory*, 95 U. S. 187.

"A petition for the removal of suit from a state court to a federal court is insufficient, unless it sets forth in due form such as is required in good pleading, the essential facts not otherwise appearing in the case, which, under the act of congress, are conditions precedent to the change of jurisdiction." *Gold Washing & Water Co.* v. *Keyes*, 96 U. S. 199.

"We fully recognize the principle heretofore asserted in many cases, that the state court is not required to let go its jurisdiction until a case is made which, upon its face, shows that the petitioner can remove the cause as a matter of right." *Removal Cases*, 100 U. S. 474.

As the jurisdiction of the state court has never been lawfully divested, it follows that this court has never acquired jurisdiction.

The case has never been removed from the state court to this court. It cannot, therefore, be remanded, but all proceedings in this court should be dismissed, and such an order will be entered, with costs.

See *Glover* v. *Shepperd*, 15 FED. REP. 833.