WIGGINS, (otherwise known as "Blind Tom,") by His Next Friend, etc., *v.* BETHUNE.

(*Circuit Court, E. D. Virginia.* October 2, 1886.)

1. COURTS—FEDERAL JURISDICTION—CITIZENSHIP—SUIT BY NEXT FRIEND.
   In a suit brought by the next friend of one who is *non compos mentis,* federal jurisdiction cannot be based on the citizenship of the next friend, as he is only a nominal party. HUGHES, J., dissenting, in case the next friend is the real plaintiff.
2. SAME—RESIDENCE OF LUNATIC—COMMITTEE.
   If a committee of one *non compos* changes his residence from the state where he was appointed, and where the *non compos* also resided, to another state, and takes the latter with him, the latter becomes a resident of the state to which they remove, and retains such residence after the committee's death, notwithstanding he is afterwards taken away to his original state, and elsewhere, and another committee is appointed for him in such original state; and in a suit in the latter state, brought by him against said last-mentioned committee, a citizen of that state, the citizenship of the parties is such as to give jurisdiction to a federal court.

In Equity. Bill for an accounting. Plea of want of jurisdiction.

Charity Wiggins, who sues as next friend of Thomas Wiggins, ("Blind Tom,") is a citizen of New York; James N. Bethune, the defendant, of Virginia.

*A. J. Lerche* and *L. R. Page,* for complainant.

*S. Ferguson Beach,* for defendant.

BOND, J. This is a bill filed by the complainant for an account, to which a plea of want of jurisdiction has been interposed. The facts, as they appear from the affidavits filed by the parties, and as they have been stated at bar by the respective counsel, are these: John G. Bethune, who at the time was a citizen of Virginia, having Blind Tom in his keeping, was, on the twenty-fifth day of July, 1870, by a probate court of this state, appointed Tom's committee, he being found *non compos mentis.* As such committee, Bethune took Tom from place to place, through the various states of the Union, giving musical entertainments, so that he was seldom in Virginia. Finally John G. Bethune changed his place of residence from Viginia to the city of New York, taking Blind Tom with him, and became a

resident of that state, where he died on the ———— day of February, 1884. Blind Tom was continued on his travels under care of a brother of John G. Bethune, his former committee. While Blind Tom was thus journeying in the state of North Carolina, James N. Bethune had himself appointed by a county court in Virginia as Tom's committee. Charity Wiggins, who sues as next friend, is the mother of Blind Tom, and is a citizen of New York. This being the fact, she could not sue, (being a merely nominal party,) unless her son is a citizen of New York also. He is the real party in interest, and the jurisdiction of the court depends upon the fact whether or not Blind Tom, at the last appointment of a committee for him, was still a resident of New York, where he had been a resident with John G. Bethune, his committee, up to and at the time of his death. There can be no doubt, we think, that the residence of his committee was the residence of Tom. He, *non compos,* had no ability to change it, and the fact that he was borne away by one who had no legal control over him to another state, away from his mother in New York, who was his natural guardian, cannot be held to change his residence. The fact that he was temporarily in Virginia, under the control of one who merely had physical domination of him, did not make him a resident of that state, and the appointment of a committee for him there, while he was absent in North Carolina, added nothing to the effort to change his domicile. The bill is framed under the view that both Charity Wiggins and her son, Tom, are citizens of New York, while the defendant is a citizen of Virginia, and we think the jurisdictional facts sufficiently appear. The plea is therefore overruled.

HUGHES, J. I concur on the ground that the controversy in this case is really between the mother of Blind Tom, a resident of New York, suing as next friend, and a resident of Virginia, claiming to be Tom's committee. Blind Tom, though nominally a party, is really the subject of the controversy, and is not party to the suit in such manner as, even if he were a citizen of Virginia, should defeat the jurisdiction of the court, where the substantial controversy is between citizens of different states. In many cases the *prochein ami* is merely a nominal party plaintiff; but in others, of which the present is an example, the real plaintiff is the *prochein ami.* Where this is the case, to treat the incompetent party to the record as the real plaintiff would be to allow a technicality to obstruct the course of justice. Technicalities were devised for the promotion of justice between suitors. So long as they serve that end, they should be respected; but when they operate to defeat justice, they should be discouraged by the courts.

For these reasons, whatever may be true on the doubtful point, where was Blind Tom's residence? I am of opinion that this court has jurisdiction to entertain this suit.