77 165
92 158

## W. F. REED v. HARDEMAN COUNTY.

### No. 6719.

1. **Removal of Cause to United States Court.** — Suit by Hardeman County against Williams and Reed to cancel an alleged fraudulent purchase of the Hardeman County school lands, and for the recovery of the land. Williams disclaimed. Reed filed a petition for removal of the cause to the United States Court March 3, 1887, alleging that he was a citizen of Missouri, and that the plaintiff was a citizen of Texas, that the amount in dispute exceeded $500 in value, and that the suit involved a controversy which is wholly between citizens of different States, and which can be wholly determined as between them. After the disclaimer by Williams the plaintiff amended, claiming damages. The land was worth about $20,000. *Held*, that it was error to overrule the application, and to proceed to try the cause.

2. **Amount in Controversy.** — The entire record may be looked to to ascertain the value of the matters in controversy. The application for removal to the United States Court having been made a few days after the enactment of the act of Congress increasing the amount in value as a condition of the right of removal, the allegation of value as over $500 did not affect the right of removal, it appearing from the record that the amount was sufficient under the statute as amended.

ERROR from Baylor. Tried below before Hon. J. V. Cockrell. The opinion sufficiently states the case.

*Wynne & Stedman* and *J. H. Glasgow*, for plaintiff in error.—The court

erred in refusing to grant the defendant's application for a removal of this cause to the United States Circuit Court for the Northern District of Texas.: Railway v. Kountz, 14 Otto, 5–14; Dill. on Rem. of Causes, pp. 51, 91, *et seq.;* Id., sec. 79; Durham v. Ins. Co., 46 Texas, 182; Johnson v. Bryan,. 62 Texas, 623; Shepard v. Cummings, 44 Texas, 502; Warnell v. Moore, 10 Texas, 235; Baker v. Tom, 4 Texas, 5; Removal of Causes, 100 U. S.,. 457; Markham v. Caruthers, 47 Texas, 21; The State v. Lewis, 12 Fed. Rep., 1; Green v. Klinger, 10 Fed. Rep., 689; Barney v. Latham, 103. U. S., 205; Railway v. Stone, 4 Wood C. C., 394; Whitehead v. Foley,. 28 Texas, 10.

*M. M. Hankins,* County Attorney, *Duncan G. Smith, James T. Montgomery,* and *Hunter, Stewart & Dunklin,* for defendant in error. —The plaintiff had the right to elect whether he would join both the real claimants of the land or sue the ostensible owner and claimant; and facts being made to appear that the two defendants were in reality tenants in coparcenary, an action against them jointly is highly proper, if not absolutely necessary. Besides, joint damages were claimed as rents, and special damages claimed for their joint action in defending the title and preventing the plaintiff from renting the lands. In all such cases the law determines the right to remove by the case as made by the plaintiff's pleadings at the time the petition for removal is filed, and not by the separate defenses that may have been or might be pleaded by the defendants respectively. Plymouth County v. Amado County, 118 U. S., 264; Fidelity Co. v. Huntingdon, 117 U. S., 280; Pirie v. Tvedt, 115 U. S., 41; Brooks v. Clark, 119 U. S., 502; Railway v. Ide, 114 U. S., 52; Putnam v. Ingraham,. Id., 57; Fletcher v. Hamlet, 116 U. S., 408; State v. South Carolina, 117 U. S., 430; Sloan v. Anderson, 117 U. S., 275.

HENRY, ASSOCIATE JUSTICE.—The county of Hardeman brought this. suit against J. R. Williams, who it alleged was a citizen of Texas, and William F. Reed, who it alleged was a citizen of Missouri.

The petition charged that by fraudulent contrivances the defendants; had procured a deed from the county for four leagues of land to defendant Williams in consideration of his obligation to pay therefor $5000, which land it was charged had been subsequently conveyed by Williams: to the defendant Reed, and that the land was of the value of $25,000.

The petition alleged damage and prayed for the cancellation of the deeds, recovery of possession of the land, and for a judgment for the damages sustained.

The defendant Williams appeared and disclaimed having any interest in the premises in controversy and prayed to be dismissed from the. cause. He did not subsequently or otherwise appear or defend.

The defendant Reed at the term of the court when he was made a party filed his petition and bond for the removal of the cause into the Circuit Court of the United States.

The petition charged that petitioner was a citizen of the State of Missouri and that the plaintiff was a citizen of the State of Texas; that the amount in dispute exceeded, exclusive of costs, the sum or value of $500, and that the suit involved "a controversy which is wholly between citizens of different States and which can be wholly determined as between them."

The court refused to make an order removing the cause, and upon a trial of the issues rendered judgment in favor of plaintiff.

The petition for removal was filed on the 11th day of March, 1887.

The act of Congress of March 3, 1887, as corrected and re-enacted by the Act of August 3, 1888, in so much as it relates to the question before us, reads as follows: "And when in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different States and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove said suit into the Circuit Court of the United States for the proper district."

It does not become necessary for us to decide to what extent Williams remained a party to the cause upon the issue of damages after his disclaimer, nor upon the right of the plaintiff to set up a claim for damages for the first time by amendment after he had filed his disclaimer. Unquestionably after his disclaimer was filed no controversy remained between himself and plaintiff with regard to the title to the land or to the cancellation of the county's deed to him. Such controversies existed between and were wholly confined to plaintiff and the defendant Reed, who were citizens of different States, and could be "fully determined as between them."

The plaintiff's petition showed that the value of the property in controversey exceeded $2000.

The application to remove the cause was made only a few days after the Act of 1887 went into effect, by which the amount required to give jurisdiction to the United States Circuit Court was increased from $500 to $2000, and the application was evidently made with reference to the old law and without knowledge of the change.

The entire record may properly be looked to to ascertain the value of the matter in controversy and to aid the petition for removal. Ins. Co. v. Pechner, 95 U. S., 186. The allegation in the petition for removal that the matter in dispute exceeded $500 in value was not inconsistent with other statements in the record showing that it exceeded $2000.

For the error of the State court in proceeding to try the cause after

.petition and bond for removal had been filed, the judgment must be reversed and the cause remanded.

*Reversed and remanded.*

Delivered May 2, 1890.