### VOSS et al. v. NEINEBER et al.

(Circuit Court, S. D. Ohio, W. D. July 22, 1895.)

No. 4,814.

FEDERAL COURTS—JURISDICTION—CITIZENSHIP—NEXT FRIEND.

Where a suit is brought in a federal court on behalf of an infant by his next friend, the jurisdiction depends on the citizenship of the infant, not that of the next friend. Woolridge v. McKenna, 8 Fed. 668, followed.

This was an action by Maria A. E. Voss and others against Maria A. Neineber and others, commenced in the superior court of Cincinnati, Ohio, and removed by the defendants to this court. The plaintiffs moved to remand.

Mackoy & Lowman, Howard Douglass, and Champion Muir, for plaintiffs.

William Goebel, for defendants.

SAGE, District Judge. The plaintiffs move to remand this case to the superior court of Cincinnati, for the reason that Frank J. Isphording, one of the plaintiffs, who sues as the next friend of the infant plaintiff, John B. Joseph Neineber, is, and was at the commencement of the action, a citizen and resident of the state of Kentucky, of which state the defendants are, and were at the time of the commencement of the action, citizens and residents, and because there is no separable controversy, which is wholly between citizens of different states and can be fully determined between them, nor is there any controversy in the action which can be determined without regard to said Frank J. Isphording. The proposition that there is no separable controversy is not pressed, and need not be considered. It is not, in the opinion of the court, well founded.

The motion to remand will be overruled, upon the authority of Woolridge v. McKenna, 8 Fed. 668, which cites Williams v. Ritchey, 3 Dill. 406, Fed. Cas. No. 17,734, to the point that jurisdiction depends upon the citizenship of the infant, not that of the next friend, where he is a plaintiff; and Wormley v. Wormley, 8 Wheat. 451, to the point that the same is true of a married woman as plaintiff, as is also held in Ruckman v. Land Co., 1 Fed. 367. Judge Hammond refers to the cases of executors, administrators, and trustees, where generally the rule is that the citizenship of the real, and not the nominal, party, governs. So, in Wiggins v. Bethune, 29 Fed. 51, it was held that, in a suit brought by the next friend of one who is non compos mentis, federal jurisdiction cannot be based on the citizenship of the next friend, as he is only a nominal party.

It is urged for the plaintiff that, under the Ohio statute, the next friend is a real and necessary party, and that the action of an infant must be brought by his guardian or next friend. In support of this contention cases are cited from other states, where it is properly held that the next friend is a necessary party where there is an infant plaintiff or defendant. This is not denied. I suppose that in no case has a suit been brought by a next friend unless it was necessary that it should be so brought. As Judge Hammond said, in Woolridge v. McKenna, where an infant is a party to the record the necessity of binding him to what he has done by proper process and method of procedure is apparent, and to accomplish this the interposition of some one in his behalf as next friend is regarded as indispensable. But the real party in interest, the party whose contractual or property rights are to be determined, is the infant or non compos mentis litigant. The next friend is only his representative, and in that capacity alone appears. Unless he has in his own right some interest in the subject-matter of the litigation, his only relation to the cause is to protect the interest of the infant, demented, or imbecile whom he represents. He is neither a merely formal nor an unnecessary party. But it by no means follows that because he is a necessary party he is the real party in interest.