## UPHAM v. GAMBLE et al.
### No. 3681.

Court of Civil Appeals of Texas. Amarillo.
Nov. 25, 1931.

Rehearing Denied Jan. 6, 1932.

Penix & Penix, of Wichita Falls, for appellant.

Fitzgerald & Hatchitt, of Wichita Falls, for appellees.

JACKSON, J.

The plaintiff Sim Gamble, on November 20, 1929, filed this suit in the district court of Foard county, Tex., against the defendants, the First State Bank of Crowell and S. P. Upham, to recover $5,000, the consideration which he alleges the defendant S. P. Upham agreed to pay him for the oil and gas rights on certain lands, which he fully describes in his petition. He also sought to recover against the defendant Upham the sum of $1,000 as exemplary damages.

On February 18, 1930, the defendant bank answered disclaiming any interest in the matters complained of in plaintiff's petition, and pleaded that it was the escrow agent for plaintiff and defendant, and that the $5,000 had been placed with it as such escrow agent. The defendant bank tendered into court the said sum with the prayer that it be discharged with its costs.

On said last-named date, February 18, 1930, the defendant Upham, after proper notice, filed his petition and bond for removal of the cause to the United States District Court for the Northern District of Texas, Wichita Falls Division.

In his petition for removal, defendant Upham alleges that the suit is one of a civil nature at law of which the District Court of the United States has original jurisdiction, sets out substantially the allegations in plaintiff's petition, and pleads that the matter in dispute exceeds the sum of $3,000, and that his codefendant, the First State Bank of Crowell, is merely a formal or nominal party without substantial interest in the cause of action alleged by plaintiff, and was and is a depositary or stakeholder of the $5,000 which plaintiff seeks to recover as a consideration for the oil and gas lease; that the plaintiff is a citizen of the state of Texas, and the defendant Upham is a citizen of the state of Ohio, and the suit on its merits is wholly between himself and the plaintiff, who are citizens of different states.

By agreement of the parties, the court ordered the case transferred from the district court of Foard county to the district court of Wilbarger county for trial, without prejudice to the defendant Upham's application to remove the cause to the United States District Court.

On October 31, 1930, after the transfer of the case from Foard county to Wilbarger county, the plaintiff filed his amended petition, in which he alleged that the First State Bank of Crowell is a banking corporation, domiciled in Foard county, Tex., and the defendant S. P. Upham resides in Mount Vernon, Ohio.

That on June 11, 1929, for a cash consideration of $5,000 paid, the plaintiff, as lessor, sold, executed, and delivered to S. P. Upham, as lessee, a lease for oil and gas and other minerals on the land described in the lease, a copy of which he attaches to his petition and makes it a part thereof. That the defendant Upham paid said consideration of $5,000 by a deposit thereof to plaintiff's credit in the defendant bank, directing the bank to release said sum to plaintiff if and when he promptly furnished to defendant Upham a complete abstract of title evidencing that such lease vested a good title to all the rights created thereby. That he at once furnished the abstract to the defendant Upham; the same was examined by Upham's attorney, the title approved, and plaintiff thereby became entitled to a release of the moneys deposited to his credit with the defendant bank. That despite the premises and his repeated demands therefor, the defendants, acting together and without color of right, have failed and refused to release the money to the plaintiff, to his actual damages in the sum of $5,000, together with interest thereon from June 11, 1929, aggregating the amount of $6,500.

The only difference in the cause of action alleged in plaintiff's original petition and his amended petition is the abandonment by him of any claim for exemplary damages against the defendant Upham, and the allegation that he furnished an abstract of title which was approved by the attorney of Upham, and that the defendants were acting together and without right in failing to release to him the money deposited with the defendant bank.

The trial court finds that the defendant Upham presented his application and bond in due form and in due time, as provided by law for the removal of the cause from the state court to the United States District Court. The court, however, overruled said application for removal, to which action of the court the defendant Upham excepted.

After this action of the court, the defendant Upham, subject to his petition to remove, answered by general demurrer, special exceptions, denied under oath that the plaintiff ever executed and delivered to him the oil and gas lease, pleaded a general denial, and set up the statute of frauds. He also asserted that the plaintiff failed to furnish an abstract of title within the time provided in the oral agreement of sale, and that time was of the essence of the contract.

The plaintiff, with leave of the court, filed a trial amendment in which he alleges that at the request of the defendant Upham the lease contract described in plaintiff's amended petition was delivered to the defendant bank, and that the $5,000, the consideration

for the lease, was placed with the defendant bank, and that the lease contract was placed beyond the recall of the plaintiff and the money was placed beyond the recall of the defendant Upham, unless title to said leasehold was found to be unmerchantable.

The case was tried in the district court of Wilbarger county before the court without the intervention of a jury, and judgment rendered in favor of plaintiff for the sum of $5,-000, interest, and costs, against the defendants, but that execution should issue against the defendant Upham only for interest and costs; from which judgment the defendant Upham prosecutes this appeal.

The appellant challenges as error the action of the trial court in refusing to grant his application and remove the cause from the state court to the United States District Court for the Northern District of Texas, because it appears that a diversity of citizenship exists, in that plaintiff is a citizen of the state of Texas and the defendant Upham is a citizen of the state of Ohio, and that the defendant bank is a mere depositary or stakeholder, without any interest in the merits of the suit.

The record discloses that the plaintiff and the defendant Upham entered into an oral agreement by the terms of which the plaintiff was to sell to the defendant Upham the oil and gas rights on the land described in the lease in controversy; that the lease was executed and placed with the defendant bank, and that the defendant Upham issued his check, payable to the defendant bank in the sum of $5,000, which was cashed by the bank, and that both the lease and the money were by mutual agreement left with the bank subject to plaintiff's furnishing an abstract, as per the oral agreement, showing good and merchantable title. That if the abstract so furnished was approved by the attorney of the defendant Upham, the bank was to pay the money to the plaintiff and deliver the lease to the defendant Upham.

■ This constituted an escrow agreement. Day et al. v. Townsend et al. (Tex. Com. App.) 238 S. W. 213. The record further shows that a controversy arose between the plaintiff and the defendant Upham relative to the time in which the plaintiff was to furnish the abstract, and the defendant Upham advised the bank that the abstract had not been furnished within the time agreed upon, and instructed it not to pay the money to the plaintiff. Time may be of the essence of a contract, not only by express stipulation, but from the very nature of the property which is the subject-matter of the contract. This principle is applicable to the sale of oil and gas rights, because the value of such property is subject to sudden, frequent, and violent fluctuations. Langford v. Bivins (Tex. Civ. App.) 225 S. W. 867; Miller v. Deahl (Tex. Civ. App.) 239 S. W.

679; Bouldin et ux. v. Gulf Production Co. (Tex. Civ. App.) 5 S.W.(2d) 1019.

■ Under these conditions, the bank was not required to assume the responsibility of determining the controversy between plaintiff and appellant, and would have delivered the money to the plaintiff at its peril. Barker v. First State Bank of Hereford (Tex. Civ. App.) 37 S.W.(2d) 808.

It is conceded: That the amount in controversy is in excess of $3,000; that plaintiff is a citizen of the state of Texas and defendant Upham is a citizen of the state of Ohio; that the defendant bank was to hold the lease and the money under the escrow agreement until the conditions thereof were performed. The record discloses that the bank had no right to the leasehold and no interest in the $5,000, and asserted no claim to either; that it was a depositary or stakeholder; that, as it had no interest in the merits of the controversy between plaintiff and appellant, it was a mere nominal or formal party.

■ It seems to be settled that, if the real parties at interest in a suit are citizens of different states, the suing of another party in the same case, who occupies the position of a garnishee or depositary for the purpose of subjecting the money, held by such depositary or garnishee, to the payment of plaintiff's claim, does not affect the removability of the cause regardless of the citizenship of such depositary, because such depositary or stakeholder is only a formal, and not an indispensable, party to the suit.

In Salem Trust Co. v. Manufacturers' Finance Co., 264 U. S. 182, 44 S. Ct. 266, 267, 68 L. Ed. 628, 31 A. L. R. 867, the Supreme Court of the United States says: "This suit involves a controversy between the petitioner, a citizen of Massachusetts, and the respondent the Finance Company, a citizen of Delaware, which can be determined without affecting any interest of the other respondent, the International Trust Company, a citizen of Massachusetts. The latter is not an indispensable party. See Niles-Bement Co. v. Iron Moulders' Union, 254 U. S. 77, 80, 41 S. Ct. 39, 65 L. Ed. 145. It has no interest in the controversy between the petitioner and the other respondent. Its only obligation is to pay over the amount deposited with it when it is ascertained which of the other parties is entitled to it. On the question of jurisdiction, an unnecessary and dispensable party, will not be considered. Walden v. Skinner, 101 U. S. 577, 589, 25 L. Ed. 963; Bacon v. Rives, 106 U. S. 99, 104, 1 S. Ct. 3, 27 L. Ed. 69; Ex parte Nebraska [209 U. S. 436, 28 S. Ct. 581, 52 L. Ed. 876], supra."

In Reed v. Hardeman County, 77 Tex. 165, 13 S. W. 1024, the Supreme Court of this state says: "The entire record may properly be looked to to ascertain the value of the matter in controversy, and to aid the petition for re-

moval. Insurance Co. v. Pechner, 95 U. S. 186 [24 L. Ed. 427]."

See, also, Meyer et al. v. Delaware Railroad Construction Co., 100 U. S. 457, 25 L. Ed. 593.

In our opinion, the trial court erred in refusing to enter an order upon the application of the defendant Upham to remove the cause to the United States District Court for the Northern District of Texas at Wichita Falls. The judgment is therefore reversed, and the cause remanded, with instructions that the application of the defendant Upham for removal be granted.