Since the filing of the earlier conclusions in this matter (Inre Dorrance, 115 N.J. Eq. 268; 170 Atl. Rep. 601), opposing counsel have come to agreement as to certain of the items then in process of negotiation — namely that the so-called "compromise tax" (assessed by way of compromise and commutation for present payment, in respect of legacies in expectancy which are contingent and defeasible), should be eliminated from the assessment under review, inasmuch as under the terms of the statute, tax on these transfers is not assessable until the occurrence of the contingencies, except by agreement and consent of the decedents' estate — which is here lacking; also that the appellants are entitled to credit (as a deduction from the gross estate, in the computation of the tax), as an administration expense, of the additional commissions and counsel fees allowed the executors by the Burlington county orphans court. *Page 205 
In the propriety and legality of this result, this court concurs.
With respect to two other items, however, the parties have not been able to agree.
The statute (P.L. 1929 ch. 144) provides (page 252), that in determining the value of the property transferred, for the purpose of computing the tax on the transfer, certain deductions "and no others" shall be allowed. Included in the specified deductions are
"Debts of the decedent owing at the date of death," and
"Transfer taxes paid or payable to other states * * * on any property the transfer of which is taxable hereunder."
Appellants contend that under the first of the above specifications, they are entitled, in the computation of the tax, to be credited with deduction in the amount of the personal property tax of $1,099,552.52, assessed by the State of Pennsylvania against Dr. Dorrance or his estate, subsequent to his death in respect of his entire personal estate (over and above the small amount thereof actually located in Pennsylvania), for a period of several years prior to the decedent's death. The basis — and of course the only possible basis — for the assessment of this tax, was the contention that Dr. Dorrance had been legally domiciled in Pennsylvania. That he was so domiciled in Pennsylvania was determined by the highest court in Pennsylvania, and it is a logical conclusion from the proofs and circumstances in this case, that the present appellants were, or would have been, compelled to pay this tax, which they did in fact pay.
"Debts of the decedent owing at the date of death" must necessarily mean debts "legally owing." In view of the Pennsylvania decision in the transfer tax case, it must be deemed that it was decided by the Pennsylvania courts that this personal tax was legally due and owing — even if the executors did not actually carry the personal property tax to the highest court. It sufficiently appears therefore that the executors were legally compelled to pay this tax. Respondent argues that if the executors had taken some different course of legal procedure, they might or would have been able to escape this *Page 206 
result. This may be so; but it in nowise appears that the executors were consenting to the payment of this tax, or chargeable with any negligence in their efforts to resist it — they acted on the advice of able counsel, and their course, especially in view of the circumstances and situation as they appeared at that time, seems quite justifiable. If the present issue dealt with the right of the executors to have this tax payment allowed as a proper disbursement item in their account as such executors in the orphans court, there can be no question but that it would have to be so allowed.
The present issue, however, is quite different; it is as to whether the executors are entitled to have this tax deducted, under the New Jersey statute, from the amount of the estate on which the New Jersey transfer tax is to be computed. If the New Jersey court is bound by the Pennsylvania decision, then it must be determined that the tax was legally owing, and that the executors are entitled to the deduction claimed.
As has been set forth in the earlier opinion herein, however, the New Jersey courts are not bound by the Pennsylvania decision. As has already been said, this court has the right to determine for itself the question of the domicile of Dr. Dorrance, and has determined that that domicile was in New Jersey and was not in Pennsylvania, and that — so far at least as this state is concerned — the assessment of transfer inheritance tax by Pennsylvania was erroneous and illegal. For the same reason, the Pennsylvania assessment of this personal property tax — supportable only on the finding that Dr. Dorrance was domiciled in Pennsylvania, must also be held erroneous and illegal. It was, therefore, not a debt legally owing by decedent — and the appellants are not entitled to the deduction they claim.
For essentially the same reasons, the claim for deduction of the amount paid to Pennsylvania, for the transfer inheritance tax assessed by that state, must be held equally without support. That tax has been determined by this court to be illegal and erroneous. When the legislature provided for a deduction of "transfer taxes paid or payable to other states" *Page 207 
it necessarily meant transfer taxes for which there was a legal liability on the part of the estate, under the laws of this state or binding this state. It obviously did not mean that if a foreign state made a claim for transfer tax, utterly unsupportable and illegal, and the executors should pay the same without contest, a deduction thereof should be made in the computation of tax by this state. It meant a valid and legal tax; it did not mean an illegal and invalid tax.
In the instant case the executors did not pay the Pennsylvania tax without contest; they made a strong contest and paid only when there was no further possibility of escape therefrom. Nevertheless it still remains that the tax they paid was an illegal and invalid tax, and a tax therefore that is not intended by our statute to be deductible in the computation of our tax. That the estate of the decedent was compelled to pay the Pennsylvania tax is indeed unfortunate for the estate, but it cannot be allowed to interfere with the right of this state to collect the tax imposed by our statute.
A contrary view might well result in a complete deprivation of this state — the state of the domicile of the decedent and therefore the only state legally entitled to transfer tax on his intangible personal estate — of any transfer tax whatever. The Pennsylvania tax in fact amounted to something like one-sixth of decedent's estate. It might equally well have amounted to one-half or more (the trend in such taxation is toward increasing the rates), and there might have been one or more other states imposing and collecting a similar tax. If the total of such taxes imposed by other states amounted in the aggregate to the entire value of the estate, or even to a large proportion thereof, the tax collectible by this state — the only state legally entitled to such tax — would be reduced to nothing or to a comparatively small amount, under the contention of appellants.
The legislative provision means to allow as deduction only valid and legal transfer taxes. The Pennsylvania tax is not such, and appellants are not entitled to deduction in respect thereof. *Page 208