## DUBIA v. EBELING et al.
### No. 267.

District Court, N. D. Illinois, E. D.
Nov. 30, 1939.

David K. Tone, of Chicago, Ill., for plaintiff.

Freeman & Freeman, of Chicago, Ill., for defendants.

HOLLY, District Judge.

The briefs filed by counsel in this case have not been very helpful to the Court, but, as I gather from the complaint and the briefs of counsel for plaintiff, his contention is that the equitable title to the real estate mentioned in the complaint is in the bankrupt and that the holder of the legal title holds it simply as trustee for the bankrupt. Counsel for defendant says that the plaintiff does not allege "that any of the creditors he represents were creditors at the time of the alleged fraudulent conveyances". But if the equitable title is still in the bankrupts, the trustee is entitled to have the conveyances set aside for the benefit of the present creditors. There is a distinction between a creditor's bill, strictly so called, in which a judgment creditor seeks to enforce his claim against equitable assets and a bill to set aside a fraudulent conveyance. Newman v. Willetts, 52 Ill. 98; 15 Corpus Juris, 1380–1381. It has been the rule that in a proceeding to set aside a fraudulent conveyance, as where one, to defraud his creditors, conveys property absolutely, without consideration to a wife or child, one seeking to set aside the conveyance must show that he was a creditor at the time of the fraudulent conveyance. But that is not necessary where the creditors seek to satisfy their debts out of some equitable estate of the debtor. Nor under the new Rules of Federal Procedure is it necessary in a proceeding to set aside a fraudulent conveyance that the claim of the plaintiff be first reduced to judgment. Rule 18(b), 28 U.S.C.A. following section 723c.

Counsel for defendants says further that the motion to dismiss should be sustained because there is now pending in the Circuit Court of Cook County the same cause of action between the same parties. But such a proceeding is not pleaded nor shown in any other fashion than by a statement by counsel. Further, the pendency of another action between the same parties for the same cause in a state court is not a bar to an action in a federal court, nor does it abate the action in the federal court. Premier Malt Products Co. v. G. A. Ackerman Printing Co., 7 Cir., 24 F.2d 89.

The motion to dismiss will be denied.