## HORZEPA et al. v. DAUSKI.

No. 2118.

District Court, E. D. New York.

Aug. 26, 1941.

Harold B. Epp, of New York City, for defendant.

David M. Fink and Jacquin Frank, both of New York City (Charles Glatzer, of New York City, of counsel), for plaintiffs.

CAMPBELL, District Judge.

This is a motion made on behalf of the defendant.

"1. To dismiss the action and complaint herein because the same fails to state a claim against the defendant upon which relief can be granted.

2. To dismiss the action or in lieu thereof to quash the return of service of summons on the ground that the Court does not have jurisdiction over the persons inasmuch as no guardian ad litem has been appointed for the infant by this Court.

3. To dismiss the action and the complaint herein on the ground that it is in the wrong District because the plaintiffs are aliens, subjects of Poland and the defendant is a citizen of the United States and a resident and inhabitant of the State of Michigan."

This action was brought by Nellie Horzepa, as guardian ad litem of John Horzepa, an infant, and Lawrence Horzepa, individually, as plaintiffs against Michael Dauski.

The action was commenced by the service of the summons and complaint upon the Secretary of State of the State of New York, pursuant to Section 52 of the Vehicle & Traffic Law of the State of New York.

In this action the plaintiff, Nellie Horzepa, as guardian ad litem of John Horzepa, an infant, requests damages for personal injuries alleged to have been sustained as a result of an accident that took place in the City of Rensselaer, State of New York, on the 1st day of September, 1940. Plaintiff, Lawrence Horzepa, sues for damages for medical expense and loss of services as a result of the alleged injuries to his son, John Horzepa.

Heretofore and on or about the 31st day of October, 1940, the same plaintiffs herein brought an action seeking the same relief in the Supreme Court of the State of New York, County of Kings.

The defendant, Michael Dauski, in that action, interposed a counterclaim for his personal injuries, property damage, and for loss of services through the injuries sustained by his wife, Mary Dauski, arising out of the same accident.

The defendant in the Supreme Court action moved for a change of venue to Rensselaer County, the County in which the accident occurred, on the ground that the convenience of material and necessary witnesses would be served by such a change of venue. He also moved that the said action in the Supreme Court, Kings County, be consolidated with an action pending in the Supreme Court, Rensselaer County, and brought by Mary Dauski for personal injuries sustained by her as a result of the accident.

This motion was likewise granted, and the actions are now pending in the Supreme Court, Rensselaer County.

The defendant has not yet filed his answer, and the plaintiff, Lawrence Horzepa, on August 21st, 1941, voluntarily dismissed this action, as to him, by filing a notice of dismissal.

Prior to the commencement of this action, Nellie Horzepa, was duly appointed as guardian ad litem of the infant plaintiff, by this Court and the papers filed in the office of the Clerk of this Court, and indexed under Miscellaneous Papers.

The complaint herein of the infant plaintiff by his guardian ad litem, states a good cause of action against the defendant. The pendency of an action in the State Court is not a bar to the commencement of an action in the Federal Court. McCellan v. Carland, 217 U.S. 268, 282, 30 S.Ct. 501, 54 L.Ed. 762; Dubia v. Ebeling et al., D.C., 30 F.Supp. 992, 993; Cole v. Franklin Life Ins. Co., 5 Cir., 108 F.2d 130, 133; United States v. Palmer et al., D.C., 28 F.Supp. 936, 937.

The plaintiff, Lawrence Horzepa, had a right to, and did, voluntarily dismiss this action as to him, as plaintiff, by filing a notice of dismissal, the defendant up to that time not having filed his answer. Federal Rules of Civil Procedure, Rule 41(a) (1), 28 U.S.C.A. following section 723c.

Defendant contends that because the guardian ad litem is an alien this action may not be maintained in this district, but should be brought in the State of Michigan, where the defendant resides.

That contention is not sustained.

The guardian ad litem may not sue in his own name. He is only a representative, appointed by the Court for the purpose of commencing the action. Civil Practice Act, State of New York, Sections 201, 202 and 205. He has no control of the cause of action, and he is not permitted to make any compromise or settlement, without the approval of the Court that appointed him, nor is he responsible for costs, unless he is especially charged therewith by order of the Court.

478

The infant is entitled to maintain the action, but, where he is a party, he must appear by a guardian ad litem, who is appointed by the Court.

The infant, and not the guardian ad litem, is the real party in interest. The infant, in this case, is a citizen of the United States of America, and a resident of this district, and the citizenship of the infant determines the question of diversity, and not that of the guardian ad litem. Mecom v. Fitzsimmons Co., 284 U.S. 183, 52 S.Ct. 84, 76 L.Ed. 233, 77 A.L.R. 904; Merritt v. Greenberg, D.C., 4 F.Supp. 655; Worcester County Trust Co. v. Long, D.C., 14 F.Supp. 754, 757; Blumenthal v. Craig, 3 Cir., 81 F. 320; Sullivan v. Curry, D.C., 40 F.2d 948, 950.

The motion is denied.